# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2015

No. 15-30071
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN DEEM,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CR-149-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Steven Deem pleaded guilty, pursuant to a written agreement, to distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). After he stood convicted but before sentencing, Deem, who was represented by the Federal Public Defender, moved pro se to withdraw his guilty plea and to proceed pro se. Following a hearing, the district court denied Deem's motions and sentenced him above the advisory guidelines sentencing range to 240

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30071

months of imprisonment and a lifetime term of supervised release. In a previous opinion, we concluded that Deem had waived any challenge to the denial of his motion to withdraw his guilty plea, and we affirmed Deem's conviction. *United States v. Deem*, 582 F. App'x 553, 554 (5th Cir. 2014). We vacated his sentence, however, and remanded the case to allow Deem an opportunity to represent himself on resentencing. *Id.* Deem returned to the district court and filed a new pro se motion to withdraw his guilty plea, which the district court considered and denied. Deem proceeded pro se at resentencing, and he was resentenced to 240 months of imprisonment and a lifetime term of supervised release. Still proceeding pro se, Deem now appeals.

Arguing that the Government did not assert sufficient justification to receive an extension of time for filing its brief and that its brief was untimely, Deem moves to strike the Government's brief. That motion is denied. Although Deem is proceeding pro se, he moves for the appointment of standby counsel to assist him on appeal. The rules of this court do not provide for such an appointment, *see* FIFTH CIRCUIT PLAN FOR REPRESENTATION ON APPEAL UNDER THE CRIMINAL JUSTICE ACT, §§ 3, 5, and the motion is therefore denied.

Deem argues that evidence considered by the district court was obtained through the use of an invalid search warrant. He also argues that the district court erred each time that it denied his motions to withdraw his guilty plea and that his guilty plea was unknowing and involuntary because it was induced by promises from the district court that Deem would be sentenced to pay a fine only. Each of these issues goes to the validity of Deem's guilty plea and conviction. As Deem's conviction was affirmed in our prior decision, the validity of his plea and conviction was not subject to reexamination by the district court on remand; nor will we reexamine it in this subsequent appeal. *See United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012).

No. 15-30071

Deem had a prior Texas conviction for aggravated sexual assault of a child that increased the statutory minimum sentence he faced from 60 months to 180 months of imprisonment. *See* § 2252A(b)(1). He does not contest the fact of the prior conviction, but he challenges the constitutional validity of the prior conviction. Deem does not state whether he was represented by counsel in connection with that prior conviction, but the state court documents contained in the record indicate that he was counseled. We will not "entertain collateral attacks on prior state convictions made during federal sentencing proceedings when, as here, the defendant does not allege that the prior conviction was uncounseled." *United States v. Longstreet*, 603 F.3d 273, 277 (5th Cir. 2010); *see Custis v. United States*, 511 U.S. 485, 495-97 (1994).

The district court's guidelines calculations called for an advisory imprisonment range of 108 to 135 months, and that range did not award Deem credit for acceptance of responsibility in light of his attempt to withdraw his guilty plea. Because of the statutory minimum sentence, however, Deem's guidelines sentencing range became 180 months. U.S.S.G. § 5G1.1(b). Deem contends that the district court's decision to vary upward to a sentence of 240 months was an abuse of discretion because that sentence is greater than necessary to achieve the goals of sentencing set forth at 18 U.S.C. § 3553(a). More specifically, he asserts that his failure to accept responsibility for his actions and his prior state conviction had already been accounted for in the guidelines calculations and by the triggering of the enhanced statutory minimum sentence.

Because Deem did not object to his sentence on these grounds in the district court, our review is only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). In reviewing an above-guidelines sentence for reasonableness, we look to whether the sentence

unreasonably fails to reflect the § 3553(a) sentencing factors. *United States v. Smith*, 440 F.3d 704, 707-08 (5th Cir. 2006). The district court explained its choice of sentence at great length, expressly stating that it had considered the § 3553(a) factors and discussing Deem's personal characteristics, history, and circumstances with respect to those factors. The sentencing judge is in a superior position to weigh the sentencing factors and choose an appropriate sentence, and we must give that determination due deference. *Gall v. United States*, 552 U.S. 38, 51-52 (2007). Deem's arguments in this court amount to a disagreement with the district court's weighing of the sentencing factors and its choice of an adequate sentence. We may not, however, substitute our judgment for that of the district court. *Id.* at 51. We conclude that, under a totality of the circumstances, neither the decision to vary upward nor the extent of the upward variance was unreasonable. *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008). We therefore affirm the sentence imposed by the district court on resentencing.

We note that Deem has made numerous and varied allegations that he received ineffective assistance of counsel in the district court and in connection with his prior appeal. A motion filed under 28 U.S.C. § 2255 is the preferred method for raising such claims. *Massaro v. United States*, 538 U.S. 500, 503-09 (2003). The record is not sufficiently developed to allow us to fairly evaluate Deem's ineffective-assistance claims at this time. Accordingly, we decline to consider them on direct appeal without prejudice to whatever right Deem has to assert them on collateral review. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014).

SENTENCE AFFIRMED; MOTIONS DENIED.